UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Grace Howard,

      Plaintiff,

Case No. 13-14664

Honorable Nancy G. Edmunds

v.

Commissioner of Social Security,

      Defendant.

_____/

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [11]
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [9]**

Plaintiff, Grace Marie Howard, filed a complaint under 42 U.S.C. § 405(g) requesting review of a final decision by Defendant, the Commissioner of Social Security Administration ("Commissioner), that she was not disabled under the Social Security Act (the "Act") between December 1, 2007 and June 18, 2008.

Currently before the Court are the parties' cross-motions for summary judgment. For the reasons set forth below, the Court GRANTS Defendant's motion and affirms the decision of the Commissioner.

**I.    Facts/Procedural History**

In April 2003, Plaintiff applied for disability insurance benefits asserting that she became unable to work on April 19, 2002. (Administrative Transcript, 70). After Plaintiff's initial application was denied, she sought and ultimately obtained a *de novo* hearing before an administrative law judge ("ALJ Belcher") who, in a decision rendered on March 17, 2006, determined that she was not a disabled person within the meaning of the Social Security

Act. *Id.*

Five years later, in April 2008, Plaintiff filed another application for disability insurance benefits, alleging that she suffered from a disability beginning on December 1, 2007.[1] Once again, the Commissioner initially denied Plaintiff's application and she requested and obtained a hearing before an ALJ.  On July 8, 2010, ALJ Sayon found that Plaintiff became disabled as of June 19, 2008, but that no evidence warranted departure from ALJ Belcher's decision with respect to the time period between December 1, 2007 and June 18, 2008. The ALJ's decision became the final decision of the Commissioner on September 6, 2013, when the Appeals Council denied Plaintiff's request for review. (Tr. 1-4).  Plaintiff filed this suit on November 10, 2013, seeking benefits for the time period disallowed by ALJ Sayon. In other words, Plaintiff's action is focused solely on the seven months between her alleged onset date–December 1, 2007–and the date ALJ Sayon determined she was legally disabled, June 19, 2008.

In Plaintiff's initial disability report, she alleged that she suffers from a variety of conditions, to wit: "a herniated disc with a pinched nerve in her back, right carpal tunnel syndrom, headaches, bilateral leg pain, high blood pressure, and sinus pain." (Tr. 31). The genesis of Plaintiff's back pain appears to stem from a work related injury she suffered in 2001. (Tr. 32).  According to Plaintiff's medical records, between 2004 and 2008 she sought and received treatment for a number of the aliments listed on her disability report.  Indeed, in 2004, Plaintiff's treating physician, Dr. Gavin Aweruch, M.D., diagnosed her with chronic lower back pain, disc disease, bilateral carpal tunnel, and depression, and recommended

---

[1] At the administrative hearing, Plaintiff amended her onset date from March 18, 2006 to December 1, 2007. (Tr. 27).

that she "apply for total and permanent disability." (Tr. 232-35).

As mentioned, Plaintiff's first application for disability benefits was denied on March 17, 2006, and her second request was granted as of June 19, 2008. Accordingly, the Court need only consider Plaintiff's medical history between March 18, 2006 and June 18, 2008. The only evidence of treatment Plaintiff received during this time period related to acute sinusitis in August 2006 (Tr. 246), a yeast infection in August 2007 (Tr. 257), a urinary tract infection in October 2007 (Tr. 256), and seasonal allergies and right knee effusion (gathering of fluid in the knee) in April 2008 (Tr. 254). In fact, following the denial of Plaintiff's first application for benefits, the record reflects that the bulk of her medical and psychological treatment occurred after June 19, 2008. Indeed, Plaintiff experienced a wide array of documented conditions after this date, substantiating the ALJ's decision to award her benefits.

Following the administrative hearing related to Plaintiff's second application, the ALJ determined that, although Plaintiff suffered from several severe impairments, to wit: posttraumatic stress disorder, alcohol abuse, depression, degenerative disc disease, and carpal tunnel syndrome (Tr. 30), she did not have an impairment or a combination of impairments that met or equaled the "Listing of Impairments." The ALJ further determined that, based upon Plaintiff's failure to present any "new and material evidence" relevant to the time period at issue here, she was "bound by the earlier [ALJ's] assessment of [her] residual functional capacity . . . . " (Tr. 32). As such, the ALJ incorporated Plaintiff's prior residual functional capacity ("RFC") assessment into her opinion, which found Plaintiff capable of performing light work subject to the following limitations: (1) a stand/sit option allowing her to change positions for one to three minutes, one to three times an hour; (2)

3

occasional climbing, balancing, stooping, kneeling, crawling, forceful griping, power torquing/twisting, and extending the wrists bilaterally; and (3) two-three step tasks in a "relatively habituated object oriented setting . . . ." (Tr. 32). The ALJ further limited Plaintiff to occasional public contact, light-handed supervision, and no supervision of others. *Id.*

In light of Plaintiff's limitations, the ALJ found that she was precluded from performing any of her past relevant work. (Tr. 35). However, when considering Plaintiff's age, education, work experience, and RFC, the ALJ concluded that, prior to June 19, 2008, there were a significant number of jobs that existed in the national economy that Plaintiff was capable of performing. (Tr. 36). With respect to the time period postdating June 19, however, the ALJ determined that Plaintiff was suffering from a disability under the Act and issued an award of benefits accordingly. *Id.* Plaintiff's challenge is thus limited to the ALJ's denial of benefits for the time period beginning December 1, 2007 and concluding June 18, 2008.

## II.   STANDARD OF REVIEW

This Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited: the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (internal quotation marks omitted).

Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th

4

Cir. 2007) (internal quotation marks omitted). If the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted); *see also Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes . . . a zone of choice within which the decisionmakers can go either way, without interference by the courts" (internal quotation marks omitted)).

When reviewing the Commissioner's factual findings for substantial evidence, the Court is limited to an examination of the record and must consider that record as a whole. *Bass v. McMahon*, 499 F.3d 506, 512-13 (6th Cir. 2007); *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). The Court "may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or this Court discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006). Further, this Court does "not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass*, 499 F.3d at 509; *Rogers*, 486 F.3d at 247.

### III.   ANALYSIS

Plaintiff argues–in conclusory fashion–that the ALJ's decision to deny her claim for benefits from December 1, 2007 to June 18, 2008 was not supported by substantial evidence.  Defendant adamantly disagrees, maintaining that Plaintiff has failed to proffer

any evidence that her condition worsened between the time of ALJ Belcher's decision (March 2006), and the first day she was awarded benefits- June 19, 2008.

Sixth Circuit authority supports the application of res judicata in administrative proceedings. In *Drummond v. Comm'r of Social Sec.*, 126 F.3d 837, 842 (6th Cir.1997), the Sixth Circuit held that "[w]hen the Commissioner has made a final decision concerning a claimant's entitlement to benefits, the Commissioner is bound by this determination absent changed circumstances." *Id.* at 842 (citations omitted). After the decision in *Drummond*, the Commissioner issued an Acquiescence Ruling to this effect:

> When adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the [Social Security] Act as the prior claim, adjudicators must adopt such a finding from the final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period *unless there is new and material evidence* relating to such a finding or there has been a change in the law, regulations or rulings affecting the finding or the method for arriving at the finding.

SSAR 98–4(6), 63 Fed.Reg. 29771–01 (June 1, 1998) (emphasis added).  Consequently, the "standard is met only if Plaintiff presented new and material evidence that her condition worsened." *Drogowski v. Comm'r of Soc. Sec.*, No. 10-12080, 2011 WL 4502955, at *3 (E.D. Mich. Sept. 28, 2011).

While failing to address the impact of *Drummond* or the Acquiescence Ruling, Plaintiff focuses instead on her medical history dating back to 2004. In so doing, Plaintiff misses a critical point: namely, the presentation of *new* evidence suggesting that her condition worsened during the relevant time period. In fact, according to the ALJ, "[t]he claimant's representative coneeded [sic] that there was no medical evidence from [the alleged onset] date." (Tr. 32).  Indeed, "the only new evidence presented related to treatment between

6

March 18, 2006 and June 18, 2008 related to acute sinusitis . . . a yeast infection . . . a urinary tract infection and vaginosis . . . and seasonal allergies with *complaints* of bilateral knee pain and lower back pain . . . . " (Tr. 33) (emphasis added).  In other words, the only modicum of evidence offered in support of Plaintiff's allegation that her condition worsened was her own complaints of knee and back pain in April 2008. *Id.*

The evidentiary value of Plaintiff's subjective complaints is no greater than her testimony at the administrative hearing which the ALJ considered and found reasonably credible only as of June 19, 2008. In making this determination, the ALJ first compared the objective medical evidence relating to this period (summarized above), with the findings of ALJ Belcher. Finding no correlation, the ALJ–implicitly acknowledging that there are situations in which an individual's alleged symptoms cannot be adequately expressed by objective medical evidence alone–independently considered Plaintiff's subjective allegations of pain. (Tr. 33). Ultimately, the ALJ found that Plaintiff's "statements concerning the intensity, persistence, and limiting effects of [her] symptoms [were] not credible . . . ." *Id.* The Sixth Circuit has been clear that a court "may not disturb" an ALJ's credibility determination "absent [a] compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). Indeed, even a cursory review of Plaintiff's testimony suggests that the ALJ's credibility assessment is well supported. *See* Tr. 55 ("Although the claimant has alleged that she did not have any insurance and could not afford her medications or treatment, [she] drank heavily during this time period and was apparently able to socialize enough with her friends with whom she drank."). In sum, Plaintiff has failed to proffer any credible evidence in support of her assertion that her conditioned worsened during the time period in question.

7

Accordingly, the Court finds that the administrative record contains substantial evidence to support the ALJ's conclusion that Plaintiff had the residual functional capacity to perform a significant number of jobs in the national economy from December 1, 2007 to June 18, 2008. As such, the Court must, and does, grant Defendant's motion for summary judgment.

## III.   CONCLUSION

For the reasons set forth above, the Court hereby **GRANTS** Defendant's motion for summary judgment.

SO ORDERED.

S/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  December 1, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 1, 2014, by electronic and/or ordinary mail.

S/Carol J. Bethel
Case Manager